UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN,<br><br>　　　　Defendant. | Case No. 1:18-cv-00887-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE<br><br>(ECF NO. 1) |

**I.　BACKGROUND**

Derrick Johnson ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

As the Court finds that Plaintiff had more than "three strikes" before filing this action and was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff's request to proceed in forma pauperis be denied and that Plaintiff be required to pay the $400 filing fee if he wants to proceed with this action.

**II.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal'").

### III. PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS

    a. Strikes

Plaintiff initiated this action on June 27, 2018. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had more than three cases dismissed that count as "strikes."

The Court takes judicial notice of Johnson v. State of California, C.D. CA, Case No. 2:18-cv-00125, ECF No. 6. In that action, which was dismissed on April 2, 2018, Magistrate Judge John McDermott recommended denying Plaintiff's request to proceed without prepayment of filing fees because Plaintiff had filed more than three cases that count as "strikes" under the "three-strike" rule in 28 U.S.C. § 1915(g) prior to initiating the action. (Id.). Judge McDermott also recommended dismissing the case as frivolous, malicious, or for failure to state a claim, and stated that the "complaint lacks arguable basis in law or fact." (Id.). District Judge George Wu adopted the recommendation that Plaintiff's request to proceed without prepayment of filing fees be denied, and ordered the case dismissed immediately. (Id.).

Upon review of this decision, as well as the cases that Judge McDermott found to count as strikes, the Court finds that Plaintiff filed more than three cases that count as "strikes" prior to initiating this action.

The four cases Judge McDermott counted as "strikes," which the Court also takes judicial notice of, are: 1) Johnson v. Doe I, 9th Cir., Case No. 15-55690, ECF Nos. 6 & 8 (while the case was ultimately dismissed for failure to prosecute because Plaintiff did not pay the filing fee, Plaintiff's motion to proceed in forma pauperis was denied because his appeal

was determined to be frivolous); 2) <u>Johnson v. Superior Court of California for the County of Los Angeles</u>, C.D. CA, Case No. 2:17-cv-06337, ECF No. 6 (dismissed as frivolous, malicious, and/or for failure to state a claim, because the complaint contained no cognizable civil rights claims, any cognizable claims were barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) and lacked an arguable basis in law or fact); 3) <u>Johnson v. State of California</u>, C.D. CA, Case No. 2:17-cv-07444, ECF Nos. 6 & 9 (while the case was ultimately dismissed because Plaintiff did not pay the filing fee, Plaintiff's request to proceed without prepayment of filing fees was denied because the complaint contained no valid civil rights claims, any cognizable claims were barred by <u>Heck</u>, 512 U.S. at 486-87), and lacked an arguable basis in law or fact); and 4) <u>Johnson v. State of California</u>, C.D. CA, Case No. 2:17-cv-07581, ECF No. 6 (dismissed as frivolous, malicious, and/or for failure to state a claim, because the complaint contained no cognizable civil rights claims, any cognizable claims were barred by <u>Heck</u>, 512 U.S. at 486-87, and lacked an arguable basis in law or fact).

As the Court finds that these four cases count as "strikes," prior to filing this case Plaintiff had more than three cases dismissed that count as "strikes."

      b. <u>Imminent Danger</u>

As Plaintiff has at least three prior cases that count as "strikes," Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." <u>Blackman v. Mjening</u>, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). <u>See also</u> <u>Martin</u>

v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

In this case, Plaintiff's allegations revolve around placing Plaintiff in mechanical restraints when they were not required (which on one occasion caused pain and injury), threating force against Plaintiff to get him to comply with an "unlawful" order, using force against Plaintiff to get him to comply with an "unlawful" order, unlawfully inspecting Plaintiff's mail, failing to timely issue a check for Plaintiff's trust account withdrawal order, unlawfully transferring Plaintiff from a non-reception center facility, refusing to provide Plaintiff with a copy of the rules and regulations of the Secretary of the Department of Corrections and Rehabilitation, and destroying Plaintiff's property.

Most of Plaintiff's claims do not involve any physical injury or threat of physical injury. For the allegations that do including injury or threat of injury, there are no allegations that suggest that Plaintiff was in imminent danger of serious physical injury at the time he filed this action. While Plaintiff generally alleges that there is a "continuing custom" of all the acts he alleges in his complaint, Plaintiff has not made "specific fact allegations of ongoing serious

physical injury, or [of] a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. There is nothing in Plaintiff's complaint suggesting that the injuries he suffered were serious, or that he is likely to suffer those injuries again.

As the Court finds that Plaintiff is a "three-striker" who was not in imminent danger when he filed this case, the Court will recommend that Plaintiff's request to proceed in forma pauperis be denied.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's request to proceed in forma pauperis (ECF No. 1) be DENIED; and
2. Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 5, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE