| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN,<br><br>  Defendant. | Case No. 1:18-cv-00887-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 17) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Derrick Johnson ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case was dismissed on November 26, 2018, after Plaintiff's request to proceed *in forma pauperis* was denied and Plaintiff failed to pay the filing fee. (ECF Nos. 14 & 15). On January 3, 2019, Plaintiff filed a motion for reconsideration. (ECF No. 15). It appears that Plaintiff is asking the Court to reconsider its order denying Plaintiff's request to proceed *in forma pauperis* (ECF No. 14).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

1

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (internal quotations marks and citation omitted).

Plaintiff's motion will be denied. Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting relief from the order. Instead, Plaintiff simply reiterates that he is unable to pay the filing fee for this action.

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 17) is DENIED.

IT IS SO ORDERED.

   Dated: __**January 7, 2019**__        _____/s/ Lawrence J. O'Neill_____
                                                                         UNITED STATES CHIEF DISTRICT JUDGE